OPINION
Appellant/Cross-Appellee Cynthia Muzechuk ("Cynthia") appeals the decision of the Court of Common Pleas, Tuscarawas County, which granted her a divorce from Appellee Thomas Muzechuk ("Thomas"), who has cross-appealed the same decision. The relevant facts leading to this appeal and cross-appeal are as follows.
Cynthia and Thomas were married in August 1980. Two children were born as issue of the marriage, both of whom are still minors. On January 3, 2000, Cynthia filed a complaint for divorce. Thomas thereafter filed an answer and counterclaim. The parties reached partial settlement, including reaching an agreement on shared parenting, leaving the issues of child support, spousal support, and non-real personal property division for resolution by the court. During the trial on said issues on August 18, 2000, set before the magistrate, both Cynthia and Thomas testified, as well as appraiser Don Wallick, a professional auctioneer. Wallick testified that he focused more on the real estate valuation which Thomas asked him to complete, and the personal inventory he took was "really a very basic highlight of what I looked at." Tr. at 54. On September 6, 2000, the magistrate recommended child support of $338.56 per month for both children ($345.33 including processing fees), spousal support of $400 per month for five years, and held as follows regarding personal property division:
 12. As Plaintiff took with her when she vacated the marital residence those items which she wanted at that time, and has not requested any other items other than the Compaq computer, each party should retain that personal property currently in his/her possession, with the exception that Plaintiff should be entitled to the Compaq computer, one-half of the videos, one-half of the photos, one-half of the Christmas items, one-half of the coin proof sets, one-half of the nicknacks, and the Pfaltzgraff dishes and accessories. Further, Defendant should ensure that the minor children receive the pewter dishes. The undersigned finds this division to be fair given that plaintiff is not requesting any of the household furniture remaining at the marital residence, Plaintiff already removed those items which she wanted in June, 1999, and the relative age and the probable low resale value of these used household furnishings. The undersigned specifically finds that a sale of all of the items currently in Defendant's possession would lead to an inequitable result.
Magistrate's Decision at 9.
Cynthia and Thomas each filed timely objections to the magistrate's decision. Oral arguments followed on January 2, 2001. The trial court issued a judgment entry on August 17, 2001, adjusting child support to $202.03 per month for both children ($206.07 including processing fees), effective January 1, 2001, leaving spousal support at the magistrate's recommendation of $400 per month, but setting the commencement date at January 1, 2001, and essentially reiterating the magistrate's decision regarding personal property, except to direct the ownership of the Compaq computer to Thomas.
Cynthia filed her notice of appeal on September 7, 2001, and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE PLAINTIFF-APPELLANT IN CALCULATING CHILD SUPPORT FOR THE TWO MINOR CHILDREN WHEREBY SHE REDUCED THE AMOUNT PAYABLE FROM APPELLEE TO APPELLANT UNDER THE SHARED PARENTING PLAN TO THE AMOUNT OF $206.07 PER MONTH TOTAL FOR TWO CHILDREN.
 II. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT WHEN THE TRIAL COURT DID NOT ORDER THE PERSONAL PROPERTY OF THE PARTIES SOLD OR TO REQUIRE APPELLEE TO PURCHASE APPELLANT'S SHARE OF THE HOUSEHOLD GOODS AND FURNISHINGS.
Thomas raises the following four Assignments of Error on cross-appeal:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED PAYMENT OF SPOUSAL SUPPORT FOR A PERIOD OF FIVE YEARS IN THE AMOUNT OF $400 PER YEAR CONSIDERING THE TOTALITY OF THE CIRCUMSTANCES.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED THAT SPOUSAL SUPPORT IN THE AMOUNT OF $400 FOR FIVE-YEARS SHALL BEGIN EFFECTIVE JANUARY 1, 2001.
 III. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO CROSS APPELLANT WHEN IT FAILED TO INCLUDE COURT ORDERED SPOUSAL SUPPORT IN THE PARTIES' GROSS INCOMES.
 IV. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE CROSS APPELLANT WHEN IT FAILED TO PROPERLY CALCULATE ACROSS APPELLANT'S INCOME ON THE CHILD SUPPORT WORKSHEET.
 Cynthia's Appeal I
In her First Assignment of Error, Cynthia challenges the trial court's calculation of child support. Cynthia does not dispute the calculation of her annual income at $17,160, or of Thomas' at $42,539. Instead, she contends the methodology utilized by the trial court in calculating shared-parenting child support constituted an abuse of discretion. We disagree.
This court has previously taken note of the "meager nature" of legislative directive in specifically addressing "50/50" shared parenting support orders under former R.C. 3113.215. See French v. Burkhart (May 22, 2000), Delaware App. No. 99CAF07038, unreported. The Ohio Supreme Court in Hubin v. Hubin (2001), 92 Ohio St.3d 240, recently addressed the issue again. The question certified to the Supreme Court was as follows: "When determining the proper amount of child support in a shared parenting case, must a court presume that each parent must pay his or her child support obligation on line twenty-four of the child support worksheet and then order the difference through an offset while reserving the ability to deviate?" See Hubin v. Hubin (2000), 90 Ohio St.3d 1482. The Court ultimately affirmed the Tenth District Court of Appeals decision, citing Pauly v. Pauly (1997), 80 Ohio St.3d 386, which held: "R.C. 3113.215(B)(6) does not provide for an automatic credit in child support obligations under a shared parenting order. However, a trial court may deviate from the amount of child support calculated under R.C.3113.215(B)(6) if the court finds that the amount of child support would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child." Id. at syllabus.
In the case sub judice, the parties' combined child support obligation worked out to $11,403.28. Of this, Thomas, who earned 71% of the combined incomes, incurred an obligation of $8125.98, prior to any deviation. The court found as grounds for deviation on the worksheet that "[b]oth Plaintiff and Defendant must have 50% of the annual amount of child support as both children reside in each household 50% of the time." The court thus found it appropriate to subtract 50% of parties' combined child support obligation of $11,403.28, or $5701.64, from Thomas' obligation of $8125.98, for a final figure of $2424.34, or $206.07 per month after adding processing fees.
In Booth v. Booth (1989), 44 Ohio St.3d 142, the Supreme Court of Ohio determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We find under the facts of the case sub judice that the trial court acted within its discretion, pursuant to Hubin and Pauly, in establishing child support under the parties' shared parenting arrangement.
Cynthia's First Assignment of Error is overruled.
 II
In her Second Assignment of Error, Cynthia contends that the trial court erred in formulating a division of personal property.
We initially note that Cynthia's Civ.R. 53 objection, in regard to property division, merely states "[t]he division of furniture and appliances is not fair and equitable." Cynthia now seeks to challenge the division of all "household goods." Civ.R. 53(E) requires the objections be specific. North v. Murphy (March 9, 2001), Tuscarawas App. No. 2000AP050044, unreported. Thus, we are inclined to dismiss as waived her present challenge concerning the appraiser's failure to estimate the value of "things in the basement," and tools and equipment in the shed and garage, as well as other smaller items.
In regard to the furniture, we note the appraiser estimated that the refrigerator, a range, marital bedroom suite, kitchen table and chairs, sofa, chairs, two end tables, and computer equipment, all of which were left with Thomas, had a total value of $1235. We generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348. Although Cynthia estimated the personal property left behind at $15,000, as we have often reiterated, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. Furthermore, during the trial Cynthia inferred that she had already taken the items she wanted to keep. Tr. at 27.
The trial court did not abuse its discretion in its division of property. Cynthia's Second Assignment of Error is overruled.
 Thomas' Cross-Appeal I
In his First Assignment of Error on cross-appeal, Thomas argues that the award of spousal support was an abuse of discretion. We disagree.
A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67. A trial court abuses its discretion when, in addition to making an error of law or judgment, it acts with an unreasonable, arbitrary, or unconscionable attitude. Blakemore, supra, at 219. R.C. 3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support.
R.C. 3105.18(C)(1) provides:
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
The record reveals that Cynthia was born in 1959, while Thomas was born in 1955. Their marriage lasted approximately twenty years. Cynthia is employed as a deputy clerk of courts, with sporadic part-time hours as an assistant at the YMCA. Her clerk job pays $8.25 per hour. Her education level is high school graduate. She had worked previously at General Electric, leaving employment in 1986, when the parties' first child was born. She was earning $9.00 per hour at that time. The parties decided that Cynthia would stay home to take care of the family and household, while Thomas would work outside the home full-time. Thomas, who completed some college work, is employed by a steel company, earning $16.23 per hour plus overtime. There was no evidence presented of any health problems.
Thomas contends in his brief that since both parties are only in their forties and in good health, and that Cynthia has chosen to work in the public sector, where he alleges lower pay is balanced against better benefits, the spousal support award was unreasonable. However, upon full review of the record in this matter, we are unpersuaded that the award constituted an abuse of discretion by the trial court.
Thomas' First Assignment of Error on cross-appeal is overruled.
 II
In his Second Assignment of Error on cross-appeal, Thomas argues that the trial court abused its discretion in setting the spousal support commencement date at January 1, 2001. We disagree.
Thomas contends that the commencement date was completely arbitrary, and no recognition was granted for his payments made during the temporary orders or the period of time after the trial before the magistrate in August 2000. A trial court's selection of a commencement date for spousal support is also subject to an abuse of discretion standard of review. See, e.g., Guenther v. Guenther (Feb. 4, 2000), Butler App. No. CA2001-04-072, unreported. Here, the magistrate's decision indicated spousal support would commence "effective the first month following the filing of the Judgment Entry which approves or modifies this Magistrate's Decision." The trial court heard arguments on the objections on January 2, 2001, even though a decision was not forthcoming for seven months thereafter. Nonetheless, it appears the court was relating the commencement date back to the date she heard the objections, and we are thus unable to conclude that the court thereby acted in an unreasonable, arbitrary, or unconscionable fashion.
Thomas' Second Assignment of Error on cross-appeal is overruled.
 III
In his Third Assignment of Error on cross-appeal, Thomas argues that plain error resulted from the trial court's failure to adjust for spousal support on the child support guideline worksheet, pursuant to the statutory changes which were in effect by the time the court issued its judgment entry. We disagree.
Pursuant to the revised child support guideline worksheet in R.C.3119.022, line 6 requires a party to include under "other annual income" the amount of spousal support actually received. See, also, R.C.3119.01(C)(7). In addition, a party may obtain an adjustment to income on line 10 for spousal support paid to any spouse or former spouse. These changes to the worksheet took effect on March 22, 2001, as part of S.B. 180. Prior thereto, R.C. 3113.215 did not include spousal support from the other party to the proceeding as income, and one could obtain an income adjustment for payment of spousal support only if the payee was a "former spouse."
As hereinbefore noted, Cynthia and Thomas both filed Civ.R. 53 objections in September, 2000. Oral arguments regarding the objections were heard on January 2, 2001. S.B. 180 was enacted thereafter but prior to the August 17, 2001 filing of the judgment entry under appeal, while the matter was under advisement by the trial court.
Child support statutes are generally recognized as remedial rather than substantive. See Swanson v. Swanson (1996), 109 Ohio App.3d 231, 235. Being remedial in nature, such statutes may be applied retroactively without violating the constitutional prohibition against retroactive laws. Bielat v. Bielat (2000), 87 Ohio St.3d 350. Nonetheless, when reviewing child-support matters, an appellate court applies an abuse-of-discretion standard. See Booth, supra. We are not persuaded herein that the trial court's decision to utilize the "old" guideline methodology under the circumstances of this case amounted to either an abuse of discretion or plain error. Civ.R. 53(E)(4)(b) specifies that upon objection to the magistrate's decision, "[t]he court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." If the court has the power to review and adopt the magistrate's decision, it would follow that the court likewise has the power to affirm the application of the law in effect both at the time the magistrate rendered her decision and at the time the objection came on for hearing.
The trial court in the case sub judice did not err in failing to adjust for spousal support on the child support guideline worksheet. Thomas' Third Assignment of Error on cross-appeal is overruled.
 IV
In his Fourth Assignment of Error on cross-appeal, Thomas argues that the trial court erred by failing to separate his overtime income from his regular income. Both the "old" and "new" versions of the child support worksheet call for an overtime averaging method in calculating annual income. See R.C. 3113.215; R.C. 3119.022. However, our review of both Thomas' Civ.R. 53 objection and his memorandum in support does not indicate that this issue was brought to the attention of the trial judge. The only challenge to the magistrate's income calculations were in the context of spousal support. The "overtime averaging" issue is not mentioned. Civ.R. 53(E)(3)(a) provides that a party may, if it so desires, file objections to a magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(E) requires the objections be specific. North v. Murphy (March 9, 2001), Tuscarawas App. No. 2000AP050044, unreported. Further, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, e.g., Stamatakis v.Robinson (January 27, 1997), Stark App. No. 96CA303, unreported;Kademenos v. Mercedes Benz of North America, Inc. (March 3, 1999), Stark App. No. 98CA50, unreported. See, also, Staff Notes to Civ.R. 53(E)(3)(b) (stating that "the rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection").
We therefore find that Thomas has waived his right to argue this issue on appeal. We are further disinclined to apply any "plain error" review to appellant's arguments. See Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 122. Thomas' Fourth Assignment of Error on cross-appeal is therefore overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
By: WISE, P.J. EDWARDS, J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs to be split evenly between appellant and appellee.